**Charles E. WILLIAMS, Appellant,**

v.

**INTERNAL REVENUE SERVICE, Office of the Chief Counsel.**

**No. 84–5025.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 19, 1984.

Decided Oct. 9, 1984.

---

Garland Tanks, Washington, D.C., for appellant. Charles E. Williams, Washington, D.C., was on brief, pro se.

F. Stanley Echols, Sp. Asst. U.S. Atty., of the Bar of the District of Columbia Court of Appeals, Washington, D.C., pro hac vice, by special leave of the Court, with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence, and Robert E.L. Eaton, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before MIKVA and GINSBURG, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM.

Plaintiff-appellant Charles E. Williams, an attorney employed by the Internal Revenue Service (IRS or Service), appeals from the district court's dismissal of his challenge to a five-day disciplinary suspension. The suspension, carried out in January 1983, was based on Williams' involvement as counsel in litigation unrelated to his IRS employment without requesting or receiving permission from the Office of Chief Counsel.[1] Williams asserted statutory and constitutional objections to the Service's disciplinary action, and requested declaratory and injunctive relief.

---

1. Williams brought suit for an accounting against the trustees of his church on behalf of himself, his wife, and his congregation in the Superior Court of the District of Columbia. *See* Joint Appendix 10–11, 99, 101.

Ruling upon Williams' amended complaint, the district court dismissed the action in its entirety.[2] We affirm in part, and vacate and remand in remaining part. The district court, we conclude, properly dismissed with prejudice Williams' statutory and fifth amendment (due process) claims. His first amendment (right to sue—freedom of association) claim, however, bears further development. On that sole aspect of Williams' case, the embryonic record before us does not justify a dispositive order.

We turn first to Williams' nonconstitutional claims. Williams' pleadings assert violations of procedures prescribed by the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S. C.), and implementing regulations. It appears, however, that the CSRA-based prescriptions he invokes do not apply to him. The CSRA provisions on procedural rights of employees suspended fourteen days or less apply to persons in competitive service positions. Williams, as an excepted service employee, is not covered by those provisions. *See* 5 U.S.C. § 7501(1) (1982); 5 C.F.R. § 752.201(b)(1) (1984). Nor is he brought within them by his status as a "preference eligible" veteran. *Compare* 5 U.S.C. § 7501(1) (1982) *with id.* § 7511(a)(1)(B).

In resisting Williams' nonconstitutional claims, whether based on statute or agency regulation, the Service relies particularly upon *Carducci v. Regan*, 714 F.2d 171 (D.C.Cir.1983). We indicated in *Carducci* that, if an agency disregards a procedural prescription in taking a minor personnel action, its conduct may be a prohibited personnel practice, and recourse may be had to the Office of Special Counsel (OSC). *Id.* at 173–75. We held, however, that di-

rect review of such nonconstitutional claims in court is no longer available. *Id.* at 175. Instead, even where an employee petitions the OSC, any subsequent judicial scrutiny "is limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry on which to base its disposition of an employee's petition." *Cutts v. Fowler*, 692 F.2d 138, 140 (D.C.Cir.1982). While Williams has not sought OSC assistance, he surely has no better claim than the employee in *Carducci* to direct district court review of his nonconstitutional claims.

We turn next to Williams' fifth amendment claim. As *Carducci* makes plain, 714 F.2d at 175–77, the comprehensive remedial framework of the CSRA does not supplant the authority of courts to safeguard constitutional rights, including procedural rights under the fifth amendment. *See also Murray v. Gardner*, 741 F.2d 434, at 439–441 (D.C.Cir.1984). Williams contends that IRS departures from procedures prescribed by statute or regulation amounted to arbitrary official action and unequal treatment. He also urges, albeit somewhat opaquely, that the principle that agencies must comply with applicable procedural law derives from due process. These arguments do have constitutional overtones. We have no occasion to pursue them in Williams' case, however. As we have just explained, there has been no noncompliance with governing laws; CSRA-based procedural prescriptions do not benefit excepted service employees. Furthermore, given the five-day disciplinary suspension at stake, Williams received all the procedural protection *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), indicates is his due. *See Murray*, 741 F.2d at 439–41 (presuspension notice and opportunity to respond orally and in writing are sufficient to satis-

**2.** The dismissal was granted under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. *Williams v. IRS*, No. 83-0904, slip op. at 3 (D.D.C. Nov. 17, 1983). Williams correctly observes that the authorities relied upon by the district court, and by the Service, do not support dismissal of his case for want of subject matter competence. However, the Service moved alter-

natively for dismissal under Fed.R.Civ.P. 12(b)(6) for failure of Williams' pleadings to state claims upon which relief can be granted. For those portions of the case where dismissal under 12(b)(6) is in order, it would be fruitless to remand merely to have the district judge append a different label to the judgment.

fy due process with regard to fourteen-day suspension of FBI special agent).

 Williams' first amendment claim is not similarly vulnerable at the very threshold. Williams' amended complaint asserts violation of his right of "free association." As his counsel made clear at oral argument, this plea refers to Williams' right to sue. The district court, based on Williams' less than pellucid presentation there, believed Williams intended to state a "free exercise of religion" claim; such a claim, the district court thought, lacked merit. *Williams v. IRS*, No. 83–0904, slip op. at 3 (D.D.C. Nov. 17, 1983). Williams' first amendment plea is indeed delphic, but at this juncture we are unable to say with assurance that he could prove no facts in support of his "free association" charge that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

We note here that *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), a decision featured by the IRS, does not dispose of Williams' first amendment claim. In *Bush*, the Supreme Court declined to create a remedy in damages for an adverse action taken against a federal employee in alleged retaliation for his exercise of first amendment rights. *Bush* rested in large measure on the meaningful, even if less than optimally effective, statutory remedy Congress made available to the complainant, one that afforded him retroactive reinstatement and back pay. Williams is differently situated; he has no CSRA-conferred guarantee of an administrative adjudication outside the Service or of direct court review. Nor does he sue for damages as a substitute for or supplement to civil service remedies. He seeks only declaratory and injunctive relief. For his situation, our most instructive precedent is *Borrell v. United States International Communications Agency*, 682 F.2d 981 (D.C.Cir.1982) (CSRA procedures did not supplant pre-existing judicial remedy for first amendment claim where statute af-

forded complaining probationary employee no appeal to Merit Systems Protection Board or judiciary). *See also Bush v. Lucas*, 103 S.Ct. at 2418 (Marshall, J., concurring) (nothing in Court's decision forecloses a nonstatutory remedy for a federal official's violation of the Constitution where employee's injury is not redressable under civil service statutory scheme).

In sum, it is too soon to say whether Williams' invocation of the first amendment signals a "serious" free association claim. *Cf. Williams v. IRS*, No. 83–0904, slip op. at 3 (D.D.C. Nov. 17, 1983) (finding no "serious first amendment issue" in Williams' amended complaint). We intimate no view whether the claim will be susceptible to summary adjudication following pretrial proceedings beyond the pleadings. We hold only that the district court has subject matter jurisdiction over the claim and that it is not now apparent that Williams can adduce no supporting facts that might entitle him to relief.[3]

*Affirmed in part, vacated and remanded in part.*

---

**3.** Williams filed a motion to strike lines from appellee's brief and the Service has responded. We view such motions with disfavor, *see Stabilisierungsfonds fur Wein v. Kaiser Stuhl Wine Distribs.*, 647 F.2d 200, 201 (D.C.Cir.1981), and find insufficient cause to grant the request here. We therefore deny the motion.