James C. POPE

v.

Langhorne BOND, J. Lynn Helms, Roland A. Eckert, Christian B. Walk, Jr., Jonathan Howe, Michael J. Forrester.

Civ. A. No. 84–2922.

United States District Court, District of Columbia.

June 20, 1985.

Robert J. Fleishman, Stephen A. Fennell, Shawn C. Conway, Steptoe & Johnson, Washington, D.C., for plaintiff.

Asst. U.S. Atty. Scott T. Kragie, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on defendants' motion to dismiss plaintiff's

complaint on grounds of failure to exhaust administrative remedies and absence of a constitutional damages remedy, and defendants' motion for a protective order barring all discovery pending resolution of their dispositive motion. Plaintiff has already consented to a stay of discovery from the individual defendants pending resolution of the motion to dismiss plaintiff's claims against them, but opposes a stay with respect to defendant Federal Aviation Administration. For reasons discussed herein, defendants' motion will be granted in part and denied in part, and the motion for a protective order will be dismissed as moot.

## I. *Background*

Plaintiff, a former official in the Office of General Aviation of the Federal Aviation Administration ("FAA"), brings this suit against various present and former FAA officials in their official and individual capacities for injunctive relief and compensatory and punitive damages for allegedly conspiring to silence him and ultimately force his withdrawal from federal service in violation of his rights under the first and fifth amendments to the United States Constitution. Plaintiff alleges that the named defendants and other "unidentified co-conspirators" retaliated against him for his public advocacy of an airborne collision avoidance system ("ACAS") manufactured by the Honeywell Corp. known as the AVOIDS system, which, plaintiff contended, would provide mid-air collision protection for airplanes superior to and at a lower cost than a ground-based collision avoidance system being developed in-house by the FAA. Plaintiff contends that he was forced to accept a transfer and ultimately forced to withdraw from federal service after he began disclosing evidence of alleged FAA mismanagement and the danger to public safety created by FAA's refusal to support or approve the AVOIDS system.

In their motion to dismiss plaintiff's claims against the FAA and the named defendants who are sued in their official capacities, defendants contend that plaintiff has failed to exhaust his administrative remedies, alleging, among other things, that he has not yet declared himself ready, willing, and able to return to work, that Pope has failed to participate in the reemployment programs available to him, and that he has not appealed FAA's refusal to accord him reemployment rights to the Merit Systems Protection Board (MSPB). Regarding plaintiff's claims against defendants in their individual capacities, defendants contend that the Supreme Court's decision in *Bush v. Lucas* bars recognition of a constitutional damages remedy in light of the "comprehensive scheme of administrative and judicial remedies" that Congress has established to redress the grievances of federal civil servants.

## II. *Discussion*

### A. Exhaustion of administrative remedies

Defendants' contention that plaintiff has ignored, allowed to lapse, or refused to pursue various potential avenues of administrative relief for his claims rests largely on their characterization of the facts and the relief sought by plaintiff, both of which plaintiff disputes. Regarding the facts underlying plaintiff's transfer and ultimate withdrawal from federal service, defendants' "statement of the case" differs in significant respects from both the factual allegations of plaintiff's complaint and the history recited in plaintiff's opposition to defendants' motion to dismiss. First, defendants contend that plaintiff's transfer from Washington, D.C., to Seattle, Washington, following his public dispute with FAA officials over the AVOIDS system, was only one of "hundreds" of transfers made as part of the decentralization and reorganization of the FAA. Plaintiff, on the other hand, contends that he was the only member of the 22-member Office of General Aviation to be involuntarily reassigned outside FAA headquarters, and submits that his reassignment to other available FAA positions in Washington, D.C., was sought by several FAA officials, whose requests were rejected. Defendants

note that plaintiff filed an informal grievance regarding the transfer, but that he decided to forego the formal grievance procedure and take the transfer when his informal grievance was denied. Plaintiff, on the other hand, contends that he was unaware that the Seattle position had been created specially for him and that the job had no duties, and that by the time he had figured out that the new job was a "hoax," the time to file a formal grievance had expired. Plaintiff's Opposition to Defendants' Motion to Dismiss at 21–22 n. 28.

Defendants contend that plaintiff was finally removed for cause based on his pre-hospitalization performance, conduct and attendance problems, but that the FAA ultimately agreed to cancel the firing, expunge plaintiff's record, and cancel the MSPB hearing which had been scheduled to hear plaintiff's appeal. Plaintiff, on the other hand, contends that no evidence of any such pre-hospitalization problems existed, and that the FAA unilaterally canceled the removal action and purged plaintiff's records of all charges, which mooted plaintiff's appeal of the removal to the MSPB, so that he had no choice but to concede that no issue remained to be tried by the MSPB. The FAA's actions, Pope contends, were designed to prevent him from obtaining administrative review of his case.

Finally, regarding plaintiff's efforts to obtain reemployment, defendants contend that because plaintiff has not declared himself ready, willing, and able to return to work, a challenge to the FAA's refusal to reinstate him is premature. Plaintiff responds, however, that he does not seek court-ordered reinstatement in this action, but rather, that he wants an injunction preventing further interference by defendants with his attempts to obtain reemployment with the FAA, other federal agencies, or private companies; a name-clearing hearing; correction of his employment records; and back pay for positions that he would have obtained by now but for the conspiracy to prevent his reemployment.

As a preliminary matter, it should be noted that

[a] motion to dismiss for failure to state a claim is generally viewed with disfavor and rarely granted. For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and *any* ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. In particular, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."

*Doe v. United States Department of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985) (citations omitted) (emphasis in original); *see also Krodel v. Young,* 748 F.2d 701, 712 (D.C.Cir.1984). With the exception of the alleged interference with plaintiff's reemployment with the FAA, it appears that, taking all of plaintiff's allegations as true, plaintiff has either exhausted the administrative remedies available to him or was foreclosed from pursuing certain remedies by the agency's own acts.

 Under the rules governing administrative relief for civil servants, it is clear that only "adverse actions" are appealable by an individual employee to the MSPB. *See* 5 U.S.C. §§ 7512–13; *Manning v. Merit Systems Protection Board,* 742 F.2d 1424, 1426–27 (Fed.Cir.1984). "Adverse actions" are defined as removals, suspensions, reductions in grade or pay, or furloughs. 5 U.S.C. § 7512. Retaliation for whistleblowing that does not amount to such an adverse action, on the other hand, may constitute a "prohibited personnel practice" under the Civil Service Reform Act, 5 U.S.C. §§ 2301–02, over which the MSPB has jurisdiction "only in the context of a 'corrective action proceeding' brought by the [Office of] Special Counsel" (OSC) under 5 U.S.C. § 1206. *See Perez v. Army and Air Force Exchange Service,* 680 F.2d 779, 787–88 (D.C.Cir.1982); *see also Wren v. Merit Systems Protection Board,* 681 F.2d 867, 873 (D.C.Cir.1982). In the context of this case, the only "adverse action" taken against plaintiff was the attempt to

remove him effective December 18, 1981. Accepting plaintiff's allegations as true, plaintiff properly appealed FAA's removal decision to the MSPB, and attempted to obtain a hearing on his retaliation claims, but was precluded from doing so when the FAA unilaterally rescinded its removal action and agreed to expunge plaintiff's record, thus mooting plaintiff's challenge and depriving the MSPB of jurisdiction over his case. Because the FAA's unilateral acts foreclosed further MSPB review, the FAA can not now be heard to complain that Pope should have pursued MSPB review or judicial review of the ALJ's decision that no issues remained to be tried after the FAA rescinded all of the adverse actions that the agency had attempted to take against Pope. *See* Motion to Dismiss at 7–9. Therefore, because there remain no further administrative remedies for plaintiff to pursue regarding the removal decision, Pope's claims cannot be dismissed for failure to exhaust.

■ With regard to the various alleged prohibited personnel practices, defendants have emphasized the availability of relief through the Office of Special Counsel. As defendants point out, the OSC has the authority to investigate alleged prohibited personnel practices involving reprisals against whistleblowers. 5 U.S.C. § 1206; *see Wren,* 681 F.2d at 871–72. The OSC may then petition the MSPB for "corrective action" against agencies or employees engaged in the prohibited personnel practices. *See Frazier v. Merit Systems Protection Board,* 672 F.2d 150, 154–55 (D.C.Cir.1982). However, given the largely unreviewable discretion of the OSC to compromise or settle complaints, or even refuse to pursue a case at all, *see Wren,* 681 F.2d at 871–72, 875 n. 9; *Frazier,* 672 F.2d at 162–63 & n. 41, it would be inappropriate to require a plaintiff to exhaust his "remedy" of filing a complaint with the OSC before he can bring suit in a federal district court for violations of his constitutional rights based on an act simply because it falls within the definition of a prohibited personnel practice. *See Wallace v. Lynn,* 507 F.2d 1186, 1190 (D.C.Cir.1974). Pope's failure to file a complaint with the OSC prior to his transfer to Seattle, therefore, would appear to be irrelevant for exhaustion purposes.

In any case, the OSC *did* ultimately investigate many of plaintiff's complaints. According to plaintiff, Pope filed a number of grievances relating to the transfer and the conditions of his employment in Seattle during his tenure there, and his efforts to publicize his situation led to a newspaper article which ultimately prompted the OSC to initiate an investigation of plaintiff's reprisal charges. Although defendants emphasize that the OSC investigation was not prompted by a direct request from Pope, that factor is irrelevant to a determination of whether available OSC remedies have been exhausted, given that the OSC investigation actually did take place. Therefore, to the extent that plaintiff should be required to allow the OSC an initial opportunity to examine his retaliation claims regarding the transfer and subsequent harassment in Seattle, it is apparent that he did so, and that that investigation was completed without a finding that plaintiff's complaints were substantiated.

In sum, plaintiff appealed the only adverse action that was taken against him to the MSPB and pursued that appeal as far as it appears that he could. The FAA was responsible for plaintiff's inability to pursue his claims by mooting his appeal. Regarding other alleged retaliatory acts, it does not appear that any reached the level of an adverse action. Neither side contends that Pope's transfer to Seattle constituted an adverse action, nor does it appear that the FAA's alleged interference with plaintiff's reemployment efforts since 1982 would constitute an adverse action under section 7512. Defendants' suggestion that plaintiff should have refused the transfer to Seattle, been fired, and then challenged the firing before the MSPB as an adverse action is specious. Federal employees are not required to take affirmative action which may result in their dismissal so that they can "exhaust" potential remedies available to employees who are fired for improper reasons.

■ Defendants do not dispute that plaintiff filed numerous informal grievances regarding what he viewed as harassment for his statements regarding waste and mismanagement at the FAA. Further, an OSC investigation of his complaints did ultimately take place. Therefore, with regard to the alleged harassment that preceded Pope's hospitalization, plaintiff has done everything that could reasonably be expected in exhausting potential avenues of administrative relief.

■ Nevertheless, considerations underlying both ripeness and exhaustion compel the court to dismiss plaintiff's claims for injunctive relief against the FAA insofar as those claims relate to reemployment with the FAA. Plaintiff concedes that a refusal by the agency to accord him reemployment rights within the agency would be appealable to the MSPB. Whether or not plaintiff has sufficiently indicated his readiness to return to work at the FAA for purposes of triggering whatever reemployment rights he is due as a recovered or partially recovered employee, plaintiff does not appear to contend that FAA has yet breached any reemployment obligation owed him. All the violations claimed in this regard appear to be either hypothetical in that they have not yet occurred, or beyond the jurisdiction of this court in that they would be subject to the exclusive jurisdiction of the MSPB and the Court of Appeals for the Federal Circuit. If plaintiff declares himself ready to return to work, either as a partially-recovered employee or as fully recovered, and is improperly refused a position, he may appeal to the MSPB. If plaintiff obtains a new position with the FAA and is subjected to retaliation for the exercise of rights protected by the Constitution, a *Bivens*-type remedy may be available to him, as well as possible administrative remedies. *See* discussion *infra*. Because neither of these events has yet transpired, and due to the impracticality of fashioning injunctive relief based on conduct of individuals who have either left the agency or who would no longer be in a position to supervise plaintiff's work, plaintiff has failed to state a claim for which relief can be granted with regard to his request for an injunction against alleged efforts to thwart his reemployment within the U.S. Department of Transportation ("DOT") or against predicted harassment upon his return to the agency.

■ Because plaintiff apparently enjoys no reemployment rights with other federal agencies outside the DOT comparable to his reemployment rights with the FAA, and because his civil service rights clearly do not extend beyond the federal government to private employers, plaintiff has no right to appeal denial of available positions outside the DOT to the MSPB. Because no administrative remedy exists for defendants' alleged interference with plaintiff's reemployment outside the DOT, there are no procedures for plaintiff to "exhaust." Therefore, unless the court is unwilling to recognize the existence of a *Bivens*-type remedy for the injuries allegedly suffered by plaintiff, plaintiff's request for an injunction against interference with his efforts to secure employment outside DOT states a claim for which relief can be granted.

### B. Claims against individuals

Relying solely on the Supreme Court's decision in *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), defendants contend that the "comprehensive" scheme of administrative and judicial remedies established by Congress to redress the job-related claims of federal civil servants constitutes a "special factor" which counsels hesitation against the recognition of a remedy of constitutional damages for retaliation for whistleblowing.

■ *Bush* involved a suit by a NASA engineer for defamation and violation of his constitutional rights after he was demoted for making public statements highly critical of the agency. 103 S.Ct. at 2406–07. Assuming that plaintiff's constitutional rights had been violated, and that the civil service remedies available to plaintiff were not as effective as an individual damages remedy, 103 S.Ct. at 2408, the Court

nevertheless held that the elaborate remedial system constructed by Congress to protect civil servants from unfair disciplinary decisions such as the demotion suffered by Bush provided an alternate form of relief such that creation of a judicial remedy for the alleged constitutional violations would not be justified. 103 S.Ct. at 2416–17. Therefore, the extent to which *Bush* preempts plaintiff's constitutional claims in the case at bar depends on the meaningfulness of the administrative remedies and the opportunity for judicial review under the procedures established under the Civil Service Reform Act discussed *supra*. *See Bartel v. Federal Aviation Administration*, 725 F.2d 1403, 1415 (D.C.Cir.1984). "In fact," the court of appeals held in *Doe*,

> *Bush* held only that where civil servants enjoy meaningful *and constitutionally adequate* statutory remedies for first amendment violations, federal courts should not imply an additional *Bivens*-type *damages remedy* under the constitution. The *Bush* holding in no way affects the scope of constitutional rights, and nothing in *Bush* or any other Court opinion casts doubt on the presumed availability of federal equitable relief against federal officials for committing constitutional violations.

*Doe*, 753 F.2d at 1109 n. 17 (citations omitted) (emphasis in original). To the extent that plaintiff seeks a *Bivens* remedy for injuries attributable to wrongful conduct for which the administrative scheme provides no relief, therefore, his claims may not be dismissed for failure to state a claim. *See Bush*, 103 S.Ct. at 2418 (Marshall, J., concurring); *Bartel*, 725 F.2d at 1415.

With two notable exceptions, an examination of plaintiff's claims indicates that he is seeking relief for injuries not remediable under the administrative scheme. Unlike the plaintiff in *Bush*, who could appeal his demotion to the MSPB's predecessor agency, the Federal Employee Appeals Authority, Pope had no such right to review because none of the actions complained of,

other than the rescinded attempt to remove him, constituted an "adverse action." As explained above, only adverse actions can be appealed to the MSPB. Retaliation that constitutes a prohibited personnel practice but which does not reach the level of an adverse action under 5 U.S.C. § 7512 is not appealable. Because Pope's only statutory remedy for all but the removal was "an essentially discretionary and unreviewable petition to the Office of the Special Counsel," *Krodel v. Young*, 748 F.2d 701, 712 n. 6 (D.C.Cir.1984), *Bush* does not dispose of plaintiff's constitutional claims. *See Reuber v. United States*, 750 F.2d 1039, 1058 (D.C.Cir.1984); *Krodel, id.; Williams v. Internal Revenue Service*, 745 F.2d 702, 705 (D.C.Cir.1984); *Bartel*, 725 F.2d at 1414–15.

■ With regard to the attempted removal, plaintiff was precluded from airing his claims before the MSPB by the FAA's eleventh-hour unilateral recission. Although that decision left Pope with no administrative remedies to exhaust, it also provided him with the full measure of relief that would have been available to him had the MSPB ruled in his favor. Unlike the remedies provided by Congress for commission of a prohibited personnel practice, the administrative remedies available to a career civil servant in Pope's position against whom an adverse action is taken are "constitutionally adequate," and thus judicial recognition of a *Bivens*-type remedy is precluded by *Bush*. Because Pope obtained all the relief that would have been available to him had he gone forward with the MSPB appeal, and because the availability of such relief precludes recognition of a *Bivens*-type remedy, defendants' motion to dismiss plaintiff's claims will be granted insofar as he is seeking damages for the allegedly improper removal.

Plaintiff's claims with regard to his attempts to obtain reemployment with the FAA may also be precluded by *Bush*, since he will be able to appeal a denial of reemployment in a position to which he is enti-

tled to the MSPB. As discussed *supra,* however, those claims do not yet appear to be ripe, and plaintiff has, in any case, failed to exhaust his administrative remedies. Therefore, the court need not reach the issue of whether recognition of a *Bivens* action once administrative remedies have been fully pursued would be precluded by *Bush.*

■ Regarding the remainder of the alleged retaliatory actions, plaintiff's sole administrative recourse is to the OSC. Since the OSC enjoys broad discretion in deciding whether and how to pursue employee complaints, and since judicial review of OSC decisions not to investigate or prosecute is limited, the court holds that the administrative remedies for commission of prohibited personnel practices alleged by plaintiff are not sufficiently meaningful or constitutionally adequate to preclude recognition of a *Bivens*-type remedy. *See Borrell v. U.S. International Communications Agency,* 682 F.2d 981 at 988 (D.C.Cir.1982); *Frazier,* 672 F.2d at 162–63. Therefore, because the administrative scheme provided Pope with an opportunity for neither administrative nor judicial review of his other claims, *Bush* does not support defendants' motion to dismiss, and the motion will be denied.

To summarize, plaintiff's claims for injunctive relief against defendants' interference with his attempts to obtain reemployment within the Department of Transportation and harassment subsequent to his return to federal employment will be dismissed due to his failure to exhaust his administrative remedies, lack of ripeness, and the impracticality of fashioning injunctive relief on the basis of actions allegedly taken against plaintiff years ago by persons who would no longer be in a position to supervise plaintiff's work. Plaintiff's claims regarding the FAA's attempt to remove him in 1981 will be dismissed due to the constitutional adequacy of the administrative remedy provided by Congress. Defendants' motion for a protective order will be dismissed as moot.