**Charles E. WILLIAMS, Appellant,**

v.

**INTERNAL REVENUE
SERVICE, Appellee,**

**No. 90–5078.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 20, 1990.

Rehearing Denied Dec. 26, 1990.

Charles E. Williams, pro se.

Jay B. Stephens, U.S. Atty., and John D. Bates, R. Craig Lawrence, and Sharon A. Cohen, Asst. U.S. Attys., were on the motion, for appellee.

Before WALD, Chief Judge, EDWARDS and HENDERSON, Circuit Judges.

Opinion for the Court filed Per Curiam.

## ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

This case presents the question of whether the government may, consistent with the first amendment, take disciplinary action against a government attorney who attempts to prosecute a class action on behalf of himself and others, without seeking prior approval under the relevant regulations. We conclude that both the regulations and the sanction withstand constitutional scrutiny.

### I

In February 1980, Charles Williams, a senior attorney in the Tax Litigation Division of the Internal Revenue Service ("IRS"), filed a class action in the Superior Court of the District of Columbia on behalf of himself, his wife, and other contributors to the Mt. Jezreel Baptist Church against the Church's board of directors for an accounting of trust funds. *See Williams v. Dunlap*, No. 80–2562 (D.C. Superior Ct.). Four months later, Williams filed, but did not sign as counsel, a motion to certify the class in *Dunlap*. The motion to certify the class was denied and the case voluntarily dismissed in June 1981 when it became apparent that the accounting books had been lost or misplaced. Although the complaint in *Dunlap* included a request for attorneys fees, Williams declined to accept them once they were awarded.

The IRS requires its employees to obtain written permission from the agency before engaging in outside employment or business activities. *See* Handbook of Employee Responsibilities and Conduct ("Handbook") at 222.5. In November 1982, the agency issued a notice of proposed discipli-

nary action against Williams for failing to seek agency approval before filing suit in *Dunlap*. As a result of the charges, Williams was suspended for five days.

Williams challenged the suspension in district court, but the case was dismissed for lack of subject matter jurisdiction. *Williams v. IRS*, No. 83–0904, slip op. at 3 (D.D.C. Nov. 17, 1983). On appeal, we held that the suspension did not violate Williams's statutory or due process rights. *Williams v. IRS*, 745 F.2d 702, 704 (D.C. Cir.1984) (per curiam) (*"Williams I"*). We remanded the case, however, for a determination as to whether Williams had a " 'serious' free association claim." *Id.* at 705. The district court concluded that he did not, and Williams appealed again.

## II

It is well settled that the government may limit the exercise of a citizen's first amendment rights where government regulations are aimed to address legitimate concerns and not designed to control or limit the exercise of first amendment freedoms. *See Konigsberg v. State Bar of California*, 366 U.S. 36, 50–51, 81 S.Ct. 997, 1006–07, 6 L.Ed.2d 105 (1961) (withholding of bar membership constitutional where applicant refused to answer questions regarding membership in Communist Party thus thwarting investigation into his "qualifications"). In order to withstand constitutional scrutiny in the employment context, the employee's interest "as a citizen" in exercising his first amendment rights must be balanced against the state's interest "in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1735, 20 L.Ed.2d 811 (1968); *see also Rankin v. McPherson*, 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987); *United States Civil Service Commission v. National Association of Letter Carriers*, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). Applying the *Pickering* balancing test here, we must uphold the agency's regulations and the sanction imposed against Williams.

At the outset, Williams has failed to demonstrate the existence of any first amendment right to act as counsel for other individuals while employed by the IRS. *See generally Mazaleski v. Treusdell*, 562 F.2d 701, 715 (D.C.Cir.1977) (plaintiff has the burden of showing his conduct is constitutionally protected). Nor has the court uncovered any case law which would support such a proposition.

To bolster his claimed first amendment right, Williams cites *In re Primus*, 436 U.S. 412, 426, 98 S.Ct. 1893, 1901–02, 56 L.Ed.2d 417 (1978), and *Bates v. State Bar of Arizona*, 433 U.S. 350, 376 n. 32, 97 S.Ct. 2691, 2705 n. 32, 53 L.Ed.2d 810 (1977), for the proposition that "collective activity undertaken to obtain meaningful access to the courts is protected under the First Amendment." We find these opinions inapposite here. In *Primus*, the Supreme Court addressed the legal activities of the American Civil Liberties Union, a nonprofit organization which "engages in litigation as a vehicle for effective political expression and association, as well as a means of communicating useful information to the public." 436 U.S. at 431, 98 S.Ct. at 1904. In *Bates*, the Court referred in passing to the associational rights of trade unions recognized in previous decisions. Williams has identified no comparable associational activity here that might bring his legal representation within the first amendment's protection.

Even assuming Williams has a right to act as counsel in non-work related matters, the interests of the IRS and the limited restrictions it places on such outside work outweigh any incidental impact on Williams's rights. Courts have consistently recognized that the government has a legitimate interest in promoting efficiency in public service. *See, e.g., Reichelderfer v. Ihrie*, 59 F.2d 873 (D.C.Cir.), *cert. denied*, 287 U.S. 631, 53 S.Ct. 82, 77 L.Ed. 547 (1932) (total ban on outside remunerative employment by D.C. firemen upheld); *Phillips v. Hall*, 113 Ill.App.3d 409, 69 Ill.Dec. 201, 447 N.E.2d 418 (1983) (suspension of police officer who obtained second job without prior approval upheld); *see generally Bowman v. Township of Pennsauken*, 709 F.Supp. 1329, 1339 (D.N.J.1989) (noting that a majority of courts considering the issue have upheld regulations restricting

the outside employment of government employees).

Moreover, the IRS regulations are tailored to the government's interest in efficiency and avoiding the appearance of impropriety. As the Handbook explains, the IRS instituted the prior approval requirement for outside employment to protect the agency's "extremely sensitive mission and [the] attendant importance of public relations." *See* Handbook at 235(2). The regulations do not altogether prohibit "outside employment and business activities"; rather prior approval of the proposed activity is required to allow the agency to determine whether (a) there is an apparent conflict of interest; (b) the activity involves tax problems; (c) official information would be improperly used; or (d) the expenditure of time would adversely effect the employee's performance of his official duties. Handbook at 235(2)(a)–(d). If the responsible agency official determines the proposed activity will not have any of these deleterious effects, the activity will be approved. If the proposed activity relates to rendering legal services without fee to relatives, an employee need not even apply for such prior approval, provided the service does not include representation of taxpayers before the Department of Treasury and does not create a conflict of interest with the employee's responsibility to the Federal Government. Handbook at 236.2(12). Thus, the regulations neither unduly restrict an employee's right to petition the government for grievances nor discourage the free flow of information or ideas.

Williams's remaining claims have been addressed in this court's prior opinion.* There is no reason to restate them. Accordingly, the motion for summary affirmance is

*Granted.*

* Williams appears to claim that his due process rights were violated because he did not have notice of the agency's interpretation of its regulations. We addressed this claim in *Williams I*, and determined that Williams received all the process he was due. 745 F.2d at 704. Additionally, with regard to Williams's claims that the agency's actions were arbitrary and capricious, we stated that these arguments must be raised before the Office of Special Counsel. *Id.*