Lawrence **MOON**, Plaintiff–Appellant,

v.

Larry **PHILLIPS**, et al.,
Defendants–Appellees.

No. 87–1514.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1987.

Decided March 17, 1988.

Rehearing and Rehearing In Banc Denied
May 4, 1988.

**148**

Robert C. Angermeier, Angermeier & Rogers, Milwaukee, Wis., for plaintiff-appellant.

Mel S. Johnson, Asst. U.S. Atty., Patricia A. Gorence, U.S. Atty., Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS, WOOD, Jr., and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal involves a complaint that a former federal employee filed against his supervisors. The district court dismissed the complaint because it failed to state a claim upon which relief could be granted. We affirm.

## I. FACTUAL BACKGROUND

In November, 1985, plaintiff Lawrence Moon, a former employee of the Internal Revenue Service (IRS) in Milwaukee, Wisconsin, filed a complaint against five of his former IRS supervisors, claiming that they had harassed him and caused him to resign. Moon charged that the defendants violated his first amendment right to freedom of speech, and his fifth amendment right to equal protection of his property interest in his federal employment. Additional counts alleged the intentional infliction of emotional distress, defamation of plaintiff's professional reputation, malfeasance in office by the supervisors in not curtailing the improper actions against him, and a final charge that his supervisors failed to fairly evaluate plaintiff's work performance. Plaintiff alleges that his supervisors' actions caused him to resign his IRS position. Plaintiff seeks actual damages in the amount of $850,000, punitive damages in the amount of $900,000, and attorney's fees and costs.

The difficulty between plaintiff and his supervisors allegedly resulted from Moon's refusal to prepare a false report concerning an incident in which an unnamed citizen who had lawfully entered the Federal Building in Milwaukee, Wisconsin was harassed and threatened. Moon claims that the alleged harassment occurred when IRS agents attempted to photograph the citizen. Plaintiff alleges that if he had prepared the report of that incident as requested by his supervisors, it would have subjected him to criminal prosecution for submitting a false statement, in violation of 18 U.S.C. § 1001 (1982). As a result of his refusal to report the incident in the manner his supervisors requested, Moon alleges that he was denied a promotion, his work was more closely monitored, and every minor deficiency noted. Plaintiff alleges that he was isolated from working with his colleagues, and that the supervisor prepared a false or misleading annual performance evaluation showing that Moon was deficient in certain areas of his work. Consequently, plaintiff resigned.

On September 10, 1986, the district judge, selecting one of the government's theories for dismissal, allowed the defendants' motion to dismiss for failure to state a cause of action, finding that the constitutional allegations had no legal basis. That finding then left Moon's other allegations without federal jurisdictional foundations. Moon's remedy, the district court suggested, was to pursue his grievances in the administrative forum that Congress provided for federal employees to contest adverse personnel actions. Relying on *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) and *Gremillion v. Chivatero*, 749 F.2d 276 (5th Cir.1985), the district court held that a judicial remedy was foreclosed.

Thereafter, on September 10, 1986, plaintiff filed a short pro forma motion for reconsideration, to which was attached an amended complaint. While that motion was under consideration, Moon filed a notice of appeal. This court remanded the appeal to allow the district court the opportunity to consider Moon's motion for reconsideration. Moon had filed the motion for reconsideration more than ten days after the judgment of dismissal had been entered and the motion was therefore untimely. The district court nevertheless treated it as a timely motion under Fed.R.Civ.P. 60. Plaintiff's motion was devoid of explanation, and lacked any citation of authority. The district court considered the motion no more than an unsupported request for reconsideration to which an amended complaint was attached. The amended complaint was merely a restatement and elaboration of Moon's original allegations. The district court therefore denied the motion for reconsideration. This second appeal followed.

## II. ANALYSIS

■ The jurisdiction of the federal court is not clearly set forth in the original complaint, except that the first two counts charge constitutional violations, and one of the appended counts is allegedly based on a particular statute of the state of Wisconsin. The amended complaint adds 42 U.S.C. § 1985 as support for some of the claims, but the amended complaint was only an attachment to Moon's untimely motion and is not the one directly involved in this appeal.

The district court considered its jurisdiction in light of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971), first cited by Moon in his opposition to the defendants' motion to dismiss. The district court took note that under *Bivens* the Constitution may support a private cause of action for damages against federal officials, but also noted one of the limitations subsequently set forth in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). That limitation,

which may defeat a *Bivens* action, occurs when the "defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." *Id.* at 18–19, 100 S.Ct. at 1471–72 (emphasis in original).

The district court then followed the development of those legal principles in later cases and applied them to the facts of this case. In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), Bush was an engineer employed by the National Aeronautics and Space Administration who publicly criticized the space flight center. Bush claimed that he was demoted as a result of that criticism. In addition to pursuing an administrative remedy, Bush filed a state court action under the first amendment against the director of the center seeking damages for his retaliatory demotion. That suit was removed to the federal district court. The district court granted summary judgment for the defendant director. The court of appeals affirmed on the basis that Bush had no constitutional cause of action for damages in view of available administrative remedies. The Supreme Court then granted certiorari. Writing for a unanimous Court, Justice Stevens began the analysis with certain assumptions. First, the Court assumed that Bush's first amendment rights had been violated, and that the administrative remedy would not be as effective as a civil suit in fully compensating Bush for the harm he had allegedly suffered. The Court also noted that Congress had neither provided for nor prohibited the judicial remedy Bush sought to pursue. The Court, however, declined to provide a judicial remedy to supplement the elaborate administrative remedial system, leaving the development of any new remedy to Congress.

In *Gremillion v. Chivatero*, 749 F.2d 276 (5th Cir.1985), a case very similar to this one, the court held that a former employee of the IRS had no cause of action against his supervisor for alleged violations of the first and fifth amendment rights caused by his wrongful discharge. Apparently, Gremillion had criticized his supervisors

within the office by questioning their authority and the correctness of their actions. He also claimed that his allegedly unlawful discharge from his job amounted to a taking of his property without just compensation in violation of the fifth amendment. Following *Bush* and its deference to the existing regulatory scheme, the court found that Gremillion's only recourse was his statutory administrative remedies.

Other cases have understandably followed the *Bush* lead in holding that, subject to narrow exceptions, a federal employee cannot file a suit for damages against his supervisor for an unconstitutional adverse personnel action when Congress has provided an adequate administrative remedy. *See, e.g., Palermo v. Rorex,* 806 F.2d 1266 (5th Cir.), *cert. denied* — U.S. —, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir.1986); *Ellis v. United States Postal Service,* 784 F.2d 835 (7th Cir.1986); *Mason v. Pierce,* 774 F.2d 825 (7th Cir.1985); *Gleason v. Malcom,* 718 F.2d 1044 (11th Cir.1983).

Moon argues that *Bush* and *Gremillion* are distinguishable because those cases only involved criticism of a supervisor's work performance. According to Moon, however, the underlying cause here is his refusal to commit a crime on behalf of his supervisor by preparing what he perceived to be a false report. To support Moon's characterization that he had been asked to perform a criminal act, he relies primarily on the following statement of one of the supervisors, which he set forth in his amended complaint:

> I don't care to count the times within the past six months or so, I thought you were being contrary or uncooperative. The arrest-escort [incident] in May was a prime example. I asked you to write the memo describing the event and you, in effect, refused, citing some nebulous reference to an arrest. Even after reciting the law of arrest to you, you demurred.

Moon correctly asks this court to presume the truth of the allegations in his complaint, along with reasonable inferences flowing from those allegations, viewing them in the light most favorable to Moon. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986); *Doe ex rel. Doe v. St. Joseph's Hospital,* 788 F.2d 411, 414 (7th Cir.1986). Nevertheless, we fail to find any factual support or confirmation in that statement for Moon's characterization that his supervisors endeavored to persuade him to commit a criminal act in their behalf and then retaliated when he would not. At most, it evidences disagreements between an employee and his supervisor in the course of their employment.[1]

Moon, relying upon *Carlson* and *Bivens,* seeks to bypass *Bush* on the basis that Congress has not explicitly declared the available administrative remedy to be a substitute for a judicial remedy. *Bivens* was not a case between a federal employee and his supervisor, but involved a citizen suing federal employees. Therefore, unlike the present case, the *Bivens* plaintiff had no available administrative remedy. The *Carlson* Court did suggest that to foreclose a *Bivens* action, Congress must explicitly close the judicial door. *Bush,* however, lessens the impact of the *Carlson* language, although *Bush* does permit some leeway for an employee's possible cause of action against a supervisor in very limited circumstances. For example, "certain actions by supervisors against federal employees, such as wiretapping, warrantless searches, or uncompensated takings, would not be defined as 'personnel actions' within the statutory scheme." *Bush,* 462 U.S. at 385 n. 28, 103 S.Ct. at 2415 n. 28. Even viewed in the light most favorable to Moon, the conduct of Moon's supervisors in directing him to file a false or misleading report does not fall within the general nature of the criminal and outrageous conduct exceptions set out in *Bush* to justify a judicial, rather than an administrative, remedy.

---

1. Apparently the so-called "victim" of the federal employees' alleged unlawful conduct took no offense at whatever occurred.

Moon also cites *Bishop v. Tice,* 622 F.2d 349 (8th Cir.1980); *Sonntag v. Dooley,* 650 F.2d 904 (7th Cir.1981); *Egger v. Phillips,* 710 F.2d 292 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983); and *Williams v. IRS,* 745 F.2d 702 (D.C.Cir.1984). We shall examine those cases briefly.

In *Bishop,* a pre-*Bush* case, a former federal employee sued other employees, charging that the defendants, in violation of his constitutional right to due process, had coerced him into resigning from his position by threatening to bring false criminal charges against him. The Eighth Circuit, anticipating *Bush* to some extent, held that a *Bivens*-type action generally would not be permitted when an adequate administrative remedy is available. Nevertheless, the court permitted Bishop to maintain his action because of his particular circumstances. Bishop had alleged that the defendants had interfered with and blocked his access to the civil service remedy, thereby denying him due process. Moon does not make a similar claim, and only argues that the administrative remedy providing for reinstatement and back pay is not as satisfactory to him as would be the monetary damages in excess of a million dollars he seeks through the judicial process.

In *Sonntag,* another pre-*Bush* decision,[2] this court implied a *Bivens* remedy for a former civil service employee, noting among other things that there was no explicit alternative administrative remedy equally as effective as the implied judicial remedy. The *Bush* Court, however, declined to create a judicial remedy even in the absence of congressional approval or disapproval of an exclusive remedy, since Congress is better suited to fashion any new remedy. The Court in *Bush* also recognized that administrative remedies may not be considered as effective and may not compensate the former employee as fully

as a judicial remedy could. 462 U.S. at 372–73, 103 S.Ct. at 2408–09. Those factors alone, however, do not permit a court to devise new remedies for federal employees.

*Egger,* another decision from this circuit, considered a *Bivens*-type suit brought by a former FBI agent. Egger charged that his former supervisors violated his constitutional rights by transferring and subsequently discharging Egger in retaliation for his efforts to expose alleged corruption among FBI personnel. This court permitted his private damage action. The *Egger* decision, like *Sonntag,* did not have the benefit of the second and final Supreme Court *Bush* decision. At the time of *Egger,* the Fifth Circuit, on remand, had maintained its original position that the plaintiff had not stated a cause of action. The *Egger* court considered that second decision of the Fifth Circuit to be of "questionable viability, at best," noting that the Supreme Court had granted certiorari for the second time. 710 F.2d at 298 n. 5. As it turned out, however, the Fifth Circuit decision had more validity than this court gave it credit. Nevertheless, *Egger* is factually distinguishable from the present case because FBI agents are exempt from civil service protection, *see* 28 U.S.C. § 536 (1982), and thus Egger, unlike Moon, had no alternative administrative remedy.

In *Williams,* the plaintiff, an attorney employed by the IRS, sought judicial relief for his five-day suspension by the IRS which the agent alleged was in violation of his constitutional procedural rights. The court permitted his suit against the agency. The *Williams* court found that Williams, unlike the plaintiff in *Bush,* had no access to an administrative adjudication or judicial review because he was an excepted employee. Williams sought no damages, only declaratory and injunctive relief. *Williams* does not aid Moon's cause since Moon, a

---

**2.** In *Sonntag,* however, this court noted *Bush v. Lucas,* 598 F.2d 958 (5th Cir.1979). At that time, the judgment had been vacated by the Supreme Court and remanded for reconsideration in light of the Court's intervening decision in *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468,

64 L.Ed.2d 15 (1980). A week after the *Sonntag* decision, the Fifth Circuit rendered its decision, thereafter affirmed by the Supreme Court. 647 F.2d 573 (5th Cir.1981), *aff'd,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983).

covered employee, has available the administrative remedies that Williams did not.

Moon's applicable administrative remedy is through the Merit Systems Protection Board, to which Congress granted broad jurisdiction to resolve all contested federal personnel matters. *See* 5 U.S.C. §§ 1205, 1208, 5596 (1982). Moon cited cases in which a court of appeals allowed the plaintiff to maintain a *Bivens* action because the alleged constitutional deprivation was not an adverse personnel action that could be redressed through the Board. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328 (9th Cir.1987); *McIntosh v. Weinberger*, 810 F.2d 1411 (8th Cir.1987). The scope of the Board's authority, however, does include forced resignations. *Covington v. Department of Health & Human Services*, 750 F.2d 937 (Fed.Cir.1984); *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed.Cir.1983). As the *Gremillion* court found, the Board's broad jurisdiction includes an IRS employee, similar to Moon, who can avail himself of his administrative remedy. The administrative decision is judicially reviewable in the United States Court of Appeals in the circuit where the employee resides or is employed. 5 U.S.C. § 7703(a)(1) (1982).[3]

Viewing the particular facts of this case in the context of this brief review of case law, we find no reason for this court to attempt to fashion for Moon a judicial damage remedy. He must be left to his administrative remedies as others in this circuit have been before him. *See Ellis v. United States Postal Service*, 784 F.2d 835 (7th Cir.1986); *Cameron v. IRS*, 773 F.2d 126 (7th Cir.1985). Moon would fare no better in other circuits. *See Palermo v. Rorex*, 806 F.2d 1266 (5th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); *Franks v. Nimmo*, 796 F.2d 1230 (10th Cir.1986); *Gleason v. Malcom*, 718 F.2d 1044 (11th Cir.1983).

The various constitutional violations of the first and fifth amendments that Moon alleged, supplemented by state and common law charges, do not allow him to bypass the administrative remedies Congress has provided for government employees. *Gleason,* 718 F.2d at 1048.

█ Nor did the trial court abuse its discretion in denying plaintiff's pro forma motion for reconsideration, timely or untimely, because plaintiff's attached amended complaint did not cure the defects that caused the dismissal of his original complaint. The amended complaint remained a complaint challenging a federal personnel grievance, which must originally be resolved at the administrative level. The district court did not abuse its discretion in these circumstances. *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir.1983).

As the district court held, Moon failed to state a claim upon which relief could be granted. We therefore need not consider whether Moon's complaint adequately alleged a constitutional deprivation, or whether the defendants would be shielded by the defense of qualified immunity.

AFFIRMED.

---

**3.** 5 U.S.C. § 7703(a)(1) provides:
   Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.
   Other sections detail the review procedure.