———————

No. 95-2554

———————

Calvin J. Weber,                        *
                                        *
        Appellant,                      *
                                        *
    v.                                  *  Appeal from the United States
                                        *  District Court for the
Robert L. Buhrkuhl, Civ. Project *  Eastern District of Missouri.
Mgr.; Diane Ottolini, Civ.              *
Personnel Mgr.; Nicholas J.             *          [UNPUBLISHED]
Ciccarello, U.S. Army Col.,             *
Named Federal Officials in their *
individual capacities,                  *
                                        *
        Appellees.                      *


———————

        Submitted:  November 27, 1995

           Filed:  December 21, 1995
———————

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
———————

PER CURIAM.


    Calvin J. Weber appeals from the district court's[1] dismissal of his
Bivens[2] action against federal officials.  We affirm.


    During the Gulf War, Weber, a civilian Army engineer, informed
various news media organizations and legislators that the Army was covering
up reliability problems and not providing soldiers with the best equipment
available.  In June 1993, the Army terminated

———————————

    [1]The Honorable Catherine D. Perry, United State District Judge
for the Eastern District of Missouri.

    [2]Bivens v. Six Unknown Named Agents of the Federal Bureau of
Narcotics, 403 U.S. 388 (1971).

Weber.  Believing that his termination was in retaliation for his whistleblowing activities, Weber brought this <u>Bivens</u> action.  Weber claimed his free speech and due process rights were violated when defendant federal officials allegedly made false statements and perjured themselves during his administrative appeals of the revocation of his security clearance and his termination.

The district court granted defendants' motion to dismiss for failure to state a claim, concluding that Weber's First Amendment allegations were conclusory, and that Weber's due process rights were not violated when his clearance was revoked because he had no right to a security clearance.

We review de novo a dismissal for failure to state a claim.  <u>Alexander v. Peffer</u>, 993 F.2d 1348, 1349 (8th Cir. 1993).  Even assuming that Weber's allegations identify a constitutional violation, the Civil Service Reform Act of 1978 (CSRA) and the Whistleblower Protection Act of 1989 (WPA) bar such a claim.  <u>See</u> 5 U.S.C. §§ 1211-16, 1221, 2302; <u>Bush v. Lucas</u>, 462 U.S. 367, 385-86, 390 (1983) (CSRA prevents the creation of new judicial remedies for federal employees whose First Amendment rights are violated by superiors); <u>see also</u> <u>Gergick v. Austin</u>, 997 F.2d 1237, 1239 (8th Cir. 1993) (CSRA exclusive remedy for government employees with claims under WPA), <u>cert. denied</u>, 114 S. Ct. 1536 (1994).  We disagree with Weber that defendants' actions fall outside the scope of CSRA "prohibited personnel practices."  <u>Cf.</u> <u>Bush</u>, 462 U.S. at 385 n.28 (noting conduct such as wiretapping, warrantless searches, or uncompensated takings would not be "personnel actions" within statutory scheme); <u>Moon v. Philips</u>, 854 F.2d 147, 150 (7th Cir. 1988) (supervisor ordering plaintiff to file false report not conduct within exception).

The district court also correctly determined that Weber's due process claim based on revocation of his security clearance did not amount to a constitutional violation.  <u>See</u> <u>Department of Navy v.</u>

Egan, 484 U.S. 518, 528-29 (1988) (no right to security clearance; therefore no right to Merit Systems Protection Board review of grant or denial of clearance on due process grounds); Dorfmont v. Brown, 913 F.2d 1399, 1404 (9th Cir. 1990) (due process challenge to revocation of security clearance not colorable constitutional claim), cert. denied, 499 U.S. 905 (1991).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT