Rocky L. **COE,** Plaintiff,

v.

**NATIONAL LABOR RELATIONS BOARD, Fred Feinstein, Michael M. Balsamo, Richard A. Siegel, Philip E. Bloedorn, Stephen J. Sweet, Dennis M. Selby, Federal Plaza Associates, a Wisconsin Limited Partnership, Merchants Police, John Doe and Richard Roe, Defendants.**

No. 98–C–295.

United States District Court,
E.D. Wisconsin.

March 31, 1999.

Robert E. Sutton, Milwaukee, WI, for Rocky L. Coe.

Charles A. Guadagnino, Assistant U.S. Attorney, Milwaukee, WI, and Jennifer S. Kovachich, National Labor Relations Board, Washington, D.C., for National Labor Relations Board, Fred Feinstein, Michael Balsamo, Richard Siegel, Philip Bloedorn, Stephen Sweet, Dennis Selby.

Mark D. Gundrum, Robert P. Ochowicz, Kasdorf Lewis & Swietlik, Milwaukee, WI, for Federal Plaza Associates.

James S. Smith, Matthew S. MacLean, Borgelt Powell Peterson & Frauen, Milwaukee, WI, for Merchants Police.

## DECISION AND ORDER

CURRAN, District Judge.

In this case, Rocky L. Coe, a former Field Attorney for the National Labor Relations Board [NLRB], is suing his former employer as well as six NLRB officials [collectively called the "Federal Defendants"][1] and four private parties[2] for wrongs he alleges to have suffered in con-

---

1. In addition to the NLRB, the Federal Defendants include the following individuals who, during all times relative to the Complaint, held the following positions: Fred Feinstein, NLRB General Counsel; Michael Balsamo, NLRB Deputy Assistant General Counsel; Michael A. Siegel, NLRB Associate General Counsel; Philip E. Bloedorn, NLRB Regional Director for Region 30; Stephen J. Sweet, NLRB Regional Attorney for Region 30; Dennis M. Selby, NLRB Supervising Attorney for Region 30. The Defendants allege that Selby retired from the NLRB on January 3, 1998.

2. The private Defendants are: Federal Plaza Associates, owners of the Henry S. Reuss Federal Plaza Building where the Milwaukee office of the NLRB is located; Merchant's Police, a company which provides security services for the Reuss Federal Plaza; and two unidentified agents of Merchant's Police. Milwaukee County Court Commissioner Frank J. Liska, Jr. had been named as a Defendant, but the claims against him were dismissed. *See* Order of May 27, 1998.

nection with his employment. The Federal Defendants have not answered, but have moved for summary judgment asking the court to dismiss most of the Plaintiff's claims on a number of procedural grounds. *See* Federal Rule of Civil Procedure 56.

## I. FACTS

Rocky Coe was a Field Attorney in Region 30 of the NLRB. He was stationed in Milwaukee, Wisconsin where he worked at the Henry S. Reuss Federal Plaza Building. Beginning in 1991, Coe claims that the six NLRB officials named as Defendants engaged in a course of conduct intended to force him to resign because he is an African American. In that same year Coe began to protest what he perceived to be race discrimination at the NLRB by sending letters and e-mail (via the NLRB system) to coworkers and public officials. In 1997, Defendant Balsamo issued a memorandum to Coe warning him to cease using the office e-mail in this manner, but Coe continued to use the e-mail to disseminate his concerns about race discrimination.

On March 27, 1997, Coe filed a formal complaint of race discrimination with the NLRB's Equal Employment Opportunity office. More than 180 days passed after his complaint was filed, but no final action was taken by the EEO.

On January 7, 1998, Coe was arrested for disorderly conduct based on a complaint made by Merchant's Police security guards. The guards alleged that he had made threats against them and against NLRB employees on two occasions while he was in the lobby of the Reuss Federal Plaza. Coe believes that these security guards conspired with Defendants Feinstein, Balsamo and Bloedorn to fabricate

these charges and have him falsely arrested.

By a letter dated January 7, 1998, Defendant Bloedorn informed Coe that, due to the circumstances surrounding his arrest, he would be placed on administrative leave beginning on January 12, 1998. Meanwhile, the Plaintiff proceeded to apply for other NLRB positions which ultimately went to non-African Americans. Then, on February 11, 1998, the NLRB issued a Notice of Proposed Removal which Coe contested; but, on March 10, 1998, the NLRB issued him a Notice of Termination which became effective on April 3, 1998. Without waiting for that date, the Plaintiff filed this lawsuit on April 1, 1998. On April 21, 1998, he filed a mixed appeal[3] of his EEO and civil service claims with the Merit Service Protection Board.

## II. ALLEGATIONS OF THE COMPLAINT

In his Complaint, Coe claims:

I. that the federal officials violated his First Amendment right to free speech and his rights to equal protection and due process under the Fifth and Fourteenth Amendments and that they "acted in violation of 42 U.S.C. § 1983." Complaint at ¶ 30;

II. that all the Defendants discriminated against him in the terms and conditions of his employment and conspired to deprive him of property and liberty in violation of 42 U.S.C. §§ 1981 & 1985 and 42 U.S.C. §§ 2000c-5 & 2000e-16;

III. that all the Defendants (except the NLRB) willfully and maliciously conspired to injure Coe's reputation and profession in violation of section 134.01 of the Wisconsin Statutes:[4]

---

3. A "mixed appeal" contains claims of employment discrimination cognizable under Title VII and claims of nondiscriminatory adverse employment action cognizable under the Civil Service Reform Act. *See* 29 C.F.R. §§ 1614.302(a)(1) & (a)(2). Mixed appeals must be brought before the Merit System Protection Board. *See* 5 U.S.C. § 7702(a)(3); 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.151.

4. Section 134.01 of the Wisconsin Statutes provides that:

Any 2 or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of wilfully or maliciously injuring another in his or her reputation, trade, business or profession by any means whatever, or for the purpose of maliciously compelling another to do or

IV. that all the Defendants are liable to him for malicious prosecution.

Coe is seeking Ten Million Dollars in compensatory damages and Ten Million Dollars in punitive damages, plus costs and attorney fees. The Federal Defendants, however, believe that they are entitled to summary judgment on the grounds that: service of process was improper and insufficient; that Coe failed to exhaust his administrative remedies; that Title VII is his exclusive remedy for employment related claims; that the Plaintiff is not entitled to punitive damages; that Coe has failed to state claims upon which relief can be granted; and that the individual Defendants are entitled to qualified immunity.

### III. *LEGAL STANDARDS FOR SUMMARY JUDGMENT*

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). *See also Celotex Corporation v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

perform any act against his or her will, or preventing or hindering another from doing or performing any lawful act shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding $500.

5. The record shows that Coe filed a formal charge with the NLRB's EEO office and that 180 days elapsed with no final decision being issued by that agency. He was then entitled to elect to file an action in the district court, *see* 42 U.S.C. § 2000e–16(c), or to file a mixed appeal with the Merit Systems Protection Board. Coe elected to file a suit in federal court. Consequently, this court considers his later filing of an MSPB appeal to be a nullity.

242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### IV. *DISCUSSION AND DECISION*

#### A. THRESHOLD MATTERS

A number of developments which have a bearing on the grounds raised in the Federal Defendants' motion have taken place since they filed their motion for summary judgment. They had contested the sufficiency and manner of service, but their attorney later learned that proper service had been effected. See Letter from Assistant United States Attorney Charles Guadagnino to the Honorable Thomas J. Curran (received October 5, 1998). The Defendants had also provisionally requested that Coe's Title VII claims be dismissed for lack of exhaustion if the administrative law judge found that she had jurisdiction to hear the appeal Coe filed before the Merit Systems Protection Board after he had filed this lawsuit. The administrative law judge did not rule on jurisdiction; but, on June 18, 1998, dismissed the appeal without prejudice at the request of the Plaintiff. *See* Affidavit of Robert E. Sutton at ¶ 6, Exhibit 5. Based upon this sequence of events, the court concludes that Coe has now exhausted his administrative remedies and is entitled to maintain his action in this court.[5] *See* 5 U.S.C. § 7702(e)(1). In addition to these developments, Assistant United States Attorney Guadagnino recently informed the court that the disorderly conduct charge

*See Connor v. United States Postal Service*, 15 F.3d 1063, 1065–66 (Fed.Cir.1994). *See also generally Butler v. West*, 164 F.3d 634 (D.C.Cir.1999) (outlining the structure for the prosecution of mixed cases which is "extremely complicated"). Therefore, the court will not dismiss without prejudice as the Federal Defendants suggest so that the administrative appeal can be resolved. The record does not adequately explain why the administrative law judge did not dismiss the appeal for lack of jurisdiction. However, the administrative law judge's decision is not properly before this court. Should the Plaintiff attempt to reinstate his appeal before the MSPB, the Federal Defendants will have to contest jurisdiction there.

against Coe was dismissed in Milwaukee County Circuit Court on March 12, 1999. See Letter from Assistant United States Attorney Charles Guadagnino to the Honorable Thomas J. Curran (received March 12, 1999).

## B. EXCLUSIVE REMEDY

■ The main issue remaining to be resolved is whether Coe can maintain his *Bivens*[6] claims under the First, Fifth and Fourteenth Amendments, his claims for relief under 42 U.S.C. §§ 1981, 1983 & 1985, and his state law claims for violation of section 134.01 of the Wisconsin Statutes and malicious prosecution in addition to his Title VII claims. Having reviewed the parties' arguments and the law governing this issue, the court concludes that the answer is "No," because Title VII provides the exclusive remedy for Coe's claims.

■ The United States Supreme Court has ruled that *Bivens* actions are not available in two situations:

> The first is when defendants demonstrate "special factors counseling hesitation in the absence of affirmative action by Congress." The second is when defendants show that Congress has provided an alternative remedy which is explicitly declared to be a substitute for recovery directly under the Constitution and viewed to be equally effective, a *Bivens* action will be precluded.

*Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (citations omitted). Having recognized these exceptions to *Bivens,* the Court has decided that it should not provide constitutional remedies to supplement a congressionally-established administrative system even where that system's remedies are not as complete as the constitutional remedy might be. *See Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Brown v. General Services Administration,* 425

U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Employees of the executive branch of the federal government can seek relief under two comprehensive statutory remedial schemes: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17, which covers claims of employment discrimination and the Civil Service Reform Act of 1978, 5 U.S.C. §§ 2301 et seq., which covers nondiscriminatory employment claims. Thus, in *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Court held that 42 U.S.C. § 2000e–16, as amended, which makes Title VII applicable to employees of the executive branch of the federal government, "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct. 1961. The Court reasoned that the amended statute's "careful blend of administrative and judicial enforcement powers" shows Congress' intent that the statute provide the exclusive means of granting relief for federal employees against the government. *See Id.* at 832–33, 96 S.Ct. 1961. Later, in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Court held that a federal employee could not maintain a First Amendment *Bivens* claim along with civil service claims stemming from an adverse employment action because the Civil Service Reform Act provides a comprehensive remedial scheme for all nondiscriminatory federal employment claims. In *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), the Court held that statutory remedial schemes such as those found in Title VII and are exclusive even though the remedies are incomplete or not as generous as other possible remedies. *See Id.* at 423, 108 S.Ct. 2460.

Lower courts have applied the Supreme Court's exclusive remedy rulings to dismiss a federal employee's federal and state statutory and common law claims as well

---

6. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens,* plaintiffs were allowed to sue the federal government directly under the Constitution for violating their Fourth Amendment rights.

as constitutional *Bivens*-type claims arising out of an employment relationship when these claims were joined with Title VII and CSRA claims. *See, e.g., Belhomme v. Widnall,* 127 F.3d 1214 (10th Cir. 1997) (claims under 42 U.S.C. §§ 1981 & 1983 and the First and Fifth Amendments dismissed), *cert. denied,* —— U.S. ——, 118 S.Ct. 1569, 140 L.Ed.2d 803 (1998); *Robbins v. Bentsen,* 41 F.3d 1195 (7th Cir. 1994) (First and Fifth Amendment *Bivens* claims dismissed); *Rollins v. Marsh,* 937 F.2d 134 (5th Cir.1991) (First Amendment, Federal Tort Claim Act and state law claims dismissed); *Feit v. Ward,* 886 F.2d 848 (7th Cir.1989) (First Amendment *Bivens* claim dismissed); *Moon v. Phillips,* 854 F.2d 147 (7th Cir.1988) (First Amendment and equal protection *Bivens* claims dismissed); *Ellis v. United States Postal Service,* 784 F.2d 835 (7th Cir.1986) (claims for relief under 42 U.S.C. §§ 1981 and 1985 and Fifth Amendment dismissed).

In his four-page brief, Coe has made no attempt to establish by law or fact that any of the claims he is making are independent of his employment claims. The court, therefore, concludes as a matter of law that Title VII provides his exclusive remedy in this court and the court will grant that portion of the Federal Defendants' summary judgment motion asking for dismissal of all non Title VII claims against them.[7] *See* Federal Rule of Civil Procedure 56.

### C. PROPER DEFENDANT

■ Next, the Federal Defendants point out that, under Title VII, a civil action brought by a federal employee must name the "head of the department, agency, or unit, as appropriate" as the defendant. 42 U.S.C. § 2000e–16(c). Therefore, the court will grant their request to substitute Fred Feinstein in his official capacity as Acting Counsel for the National Labor Relations Board as the proper Defendant to Coe's Title VII claims.

7. The Plaintiff's state tort claims are also being dismissed on the ground that tort claims arising out of federal government activities must be brought under the Federal Tort

### D. DAMAGES

■ Finally, the Federal Defendants argue that, under Title VII, recovery for front pay, other future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses is capped at $300,000.00. *See* 42 U.S.C. § 1981a. *See also Smith v. Chicago School Reform Board of Trustees,* 165 F.3d 1142 (7th Cir. 1999); *Williams v. Pharmacia, Inc.,* 137 F.3d 944 (7th Cir.1998); *Hudson v. Reno,* 130 F.3d 1193 (6th Cir.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 64, 142 L.Ed.2d 50 (1998). The Plaintiff agrees. *See* Letter from Attorney Robert E. Sutton to the Honorable Thomas J. Curran (received February 26, 1999). Therefore, Coe's demand for front pay and compensatory damages under Title VII will be limited to the statutory amount of $300,000.00.

■ The Federal Defendants go on to point out that punitive damages are not available against the government under Title VII. *See* 42 U.S.C. § 1981a & (b)(1). Therefore, Coe is precluded from seeking punitive damages from Fred Feinstein in his official capacity as Acting Counsel of the NLRB.

### E. CONCLUSION

The court will dismiss all of Coe's claims against the Federal Defendants except the Title VII claim. Title VII provides Coe's exclusive remedy for these alleged wrongs. Because of the grounds upon which the court is dismissing Plaintiff's claim, it will not address the Defendants' arguments that they are entitled to qualified immunity or that the Plaintiff has failed to state claims upon which relief can be granted. In addition, all the Federal Defendants except Fred Feinstein in his official capacity will be dismissed as parties to this action. *See* Federal Rule of Civil Procedure 21.

Claim Act. *See* 28 U.S.C. § 1346. There is no evidence in the record that Coe complied with the procedures for filing a federal tort claim.

## ORDER

For the reasons explained above, the court ORDERS that the "Motion for Summary Judgment of Defendants National Labor Relations Board, Fred Feinstein, Michael M. Balsamo, Richard A. Siegel, Philip E. Bloedorn, Stephen J. Sweet and Dennis M. Selby" (filed May 29, 1998) IS GRANTED IN PART AND DENIED IN PART. *See* Federal Rule of Civil Procedure 12(b)(6).

IT IS FURTHER ORDERED that Fred Feinstein, in his official capacity as Acting General Counsel for the National Labor Relations Board be substituted for the Federal Defendants as the only proper Defendant to the Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964.

IT IS FURTHER ORDERED that the National Labor Relations Board, Fred Feinstein, in his personal capacity, Michael M. Balsamo, in his official and personal capacities, Richard A. Siegel, in his official and personal capacities, Philip E. Bloedorn, in his official and personal capacities, Stephen J. Sweet, in his official and personal capacities, and Dennis M. Selby, in his official and personal capacities, are dismissed as parties to this action. *See* Federal Rule of Civil Procedure 21.

IT IS FURTHER ORDERED that, within seven (7) days of the date of this order, the Plaintiff shall serve and file an amended complaint with the amendment limited to disclosing the identity of the Doe and Roe Defendants.

IT IS FURTHER ORDERED that the "Consolidated Motion of the Defendant, Philip E. Bloedorn, for a Stay of Discovery and an Expedited Briefing Schedule and Decision with Respect to This Motion" (filed October 21, 1998) IS GRANTED. With the Federal Defendants' motion for summary judgment now resolved, all discovery related to the remaining claims shall resume.

IT IS FURTHER ORDERED that the "Motion of the Plaintiff, Rocky L. Coe, for an Extension of Time to Respond to the Motion for Summary Judgment of the Defendants, Federal Plaza Associates, a Wisconsin Limited Partnership, and Merchants Police, Until March 26, 1999 and Permission for Affidavits to Be Obtained, Depositions to Be Taken and Discovery to Be Had Until March 1, 1999 Pursuant to Rule 56(f), Federal Rules of Civil Procedure" (filed November 12, 1998) IS GRANTED.