**Charles R. CONNOR, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 93–3082.

United States Court of Appeals, Federal Circuit.

Feb. 4, 1994.

Charlie R. Connor, of Dallas, Texas, submitted Pro Se.

Alice L. Covington, Attorney, United States Postal Service, of Washington, DC, submitted for respondent. With her on the brief were Stuart M. Gerson, Assistant Attorney General and R. Andrew German, Chief Counsel, Department of Justice, of Washington, DC. Of counsel were Brad Fagg, Terrence S. Hartman and David M. Cohen, Department of Justice, of Washington, DC.

Before NIES, Chief Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge.

Charles R. Connor appeals the 23 October 1992 order of the Merit Systems Protection Board (Board)[1] dismissing his appeal as untimely filed. We vacate the order and remand the case to the Board with instructions to dismiss Connor's appeal for lack of jurisdiction.

### Issue

The dispositive issue here, rather than timeliness of the appeal to the Board, is whether the Board had subject matter jurisdiction over Connor's appeal regarding his removal, where prior to filing such appeal to the Board, Connor had amended a complaint in United States district court to include a

---

1. *Connor v. United States Postal Serv.,* 55    M.S.P.R. 278 (1992) (Table) (*"Connor II"*).

cause of action challenging his removal based on the same discrimination allegations.

## Procedural History

The United States Postal Service (Agency) removed Connor from his position as Superintendent, Station Operations, Farmers Branch Station, Dallas, Texas, due to his inability to perform the functions of his job, effective 31 July 1987. The Agency notified Connor by letter of decision dated 15 July 1987 that he had two alternate routes of appeal: either (1) to the Board, or (2) through the Agency's internal appeal procedures. *See* 5 U.S.C. § 7702(a)(1), (2) (1988); 5 C.F.R. § 1201.154(a) (1993).[2]

Connor followed the latter procedure of filing an appeal through the Agency's internal procedures in July 1987. With regard to his removal, Connor in addition filed a formal complaint of discrimination with the Postal Service Equal Employment Opportunity Office (EEO complaint) on 26 October 1987.

While his EEO complaint was still pending with the Agency, Connor on 16 February 1988, amended a complaint, which he previously had filed in the United States District Court for the Northern District of Texas,[3] to include a count based on the removal. On 16 June 1988, Agency counsel notified the EEO complaint processing office of Connor's district court action. On 23 June 1988, the Agency issued a written final decision, notifying Connor that the processing of his EEO complaint had been terminated, pursuant to 29 C.F.R. §§ 1613.283,[4] .513 [5] (1988), because of the filing of the amended complaint (and therefore the pendency of a district court action). He appealed this decision to the Equal Employment Opportunity Commission (EEOC). Thereafter, the EEOC decision issued on 19 September 1988, affirming the Agency's action, and stating that "the correct ground for complaint cancellation in such a situation is that the EEO complaint is the basis of a pending civil action in a United States District Court. 29 C.F.R. § 1613.-215(a)(3); 52 Fed.Reg. 41923 (October 30, 1987)."

Connor on 19 August 1988, over six months after amending his complaint in District Court, filed an appeal with the Board challenging his removal. In that first appeal the administrative judge dismissed Connor's appeal for lack of jurisdiction in an initial decision of 16 December 1988. She reasoned that Connor's "right to appeal the removal action to the Board [was] extinguished by his raising the issue in the previously filed civil action." The administrative judge also relied on 29 C.F.R. § 1613.283 (1988).

A full panel of the Board reversed and remanded the case to the administrative judge. *Connor v. United States Postal Serv.*, 52 M.S.P.R. 588 (1992) (*"Connor I "*). The full panel, citing *McGovern v. EEOC*, 28 M.S.P.R. 689, 691 n. 1 (1985), erroneously reasoned that the Board was not precluded from adjudicating the removal action despite the pendency of a civil action involving the removal before the United States district court. The panel instructed the administrative judge to address, on remand, timeliness of the appeal.

On remand, in an initial decision of 17 June 1992, the administrative judge (AJ) dismissed Connor's appeal as untimely filed. First, the AJ set out the basic rule regarding timeliness of appeals:

(b) If the appellant has filed a timely formal complaint of discrimination with the agency:

(1) An appeal must be filed within 20 days after the appellant receives the agen-

---

2. The current regulations are identical to the regulations in effect in 1987.

3. *Connor v. Tisch*, No. CA 3–85–0517–T (N.D.Tex.1988).

4. 29 C.F.R. § 1613.283 (1988) provided: "The filing of a civil action by an employee or applicant involving a complaint filed under this subpart [Subpart B—Equal Opportunity Without Regard to Race, Color, Religion, Sex, or National Origin] terminates processing of that complaint."

The current regulation is identical to the regulation in effect in 1988.

5. 29 C.F.R. § 1613.513 (1988) provided: "The filing of a civil action by an employee or applicant involving a complaint filed under this subpart [Subpart E—Nondiscrimination on Account of Age] terminates processing of that complaint." The current regulation is identical to the regulation in effect in 1988.

cy resolution or final decision on the discrimination issue; or

(2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

5 C.F.R. § 1201.154(b) (1992).[6]

Next, the AJ concluded that Connor's act of filing the amended complaint in United States district court on 16 February 1988, which included a cause of action for the removal, "mandated the termination of the processing of his discrimination complaint before the agency" pursuant to 29 C.F.R. § 1613.283 (1988). The AJ reasoned that "it was [Connor's] action which determined the final agency resolution on his discrimination complaint." Because Connor did not file his appeal with the Board until 19 August 1988, more than four months after he filed his amended complaint in district court, he failed to meet the requirements of 5 C.F.R. § 1201.154(b) (1988) for the filing of a timely appeal. Finally, the AJ concluded that Connor failed to prove good cause for waiving the time limit.

The full board denied Connor's petition for review of the AJ's initial decision of 17 June 1992 by its order of 23 October 1992 on the grounds that the petition did not meet the criteria for review set forth at 5 C.F.R. § 1201.115 (1992). Pursuant to 5 C.F.R. § 1201.113(b) (1992), the AJ's initial decision of 17 June 1992 became the Board's final decision of 23 October 1992 (*Connor II* ). Connor now appeals that final decision to this court.

### Jurisdiction

Contrary to the rationale of *Connor I*[7], Connor cannot simultaneously "litigat[e] the same case in the United States Courts and in the administrative process." *Colon v. Chairman of Bd. of Directors of Fed. Deposit Ins. Corp.,* 723 F.Supp. 842, 844 (D.P.R.1989).

Thus, upon exercising his election to file in district court the third amended complaint on 16 February 1988, Connor's EEO complaint became "the basis of a pending civil action in a United States District Court." 29 C.F.R. § 1613.215(a)(3) (1988).

Connor had the option of *either* filing an appeal with the Board *or* filing a civil action in United States district court if the Agency had not issued a judicially reviewable decision within 120 calendar days of the date he filed his mixed case complaint. 29 C.F.R. § 1613.405(e)(2)(ii) (1988). Before the Agency had issued a final decision, and before Connor had waited the required 120 days, his third amended complaint in district court terminated the Agency's processing of his mixed case complaint on 16 February 1988 in accordance with 29 C.F.R. §§ 1613.283, .513 (1988), and on 23 June 1988 the Agency properly and officially notified Connor of such termination. Consequently, there is no statute or regulation granting jurisdiction to the Board over Connor's appeal.

This case is distinguishable from *McGovern.* [8]

In *McGovern*, the MSPB ruled it had jurisdiction over that mixed case appeal, but because appellant had not received a judicially reviewable final decision from the Board within 120 days of his filing with the regional office, he was able to file suit in federal district court under 5 U.S.C. § 7701(e)(1)(B). 28 M.S.P.R. at 691 n. 1. This action is explicitly permitted by 29 C.F.R. § 1613.-421(h) (1993), which states:

An individual who has a complaint processed pursuant to 5 CFR 1201.151 *et. seq.* and these regulations is authorized by 5 U.S.C. 7702, to file a civil action based on the decision of the Merit Systems Protection Board in an appropriate U.S. District Court:

\*     \*     \*     \*     \*     \*

**6.** The Board regulations concerning the time limits for filing an appeal are essentially unchanged since 1987. *See* 51 Fed.Reg. 25,161 (1986).

**7.** 52 M.S.P.R. 588 (1992).

**8.** 28 M.S.P.R. 689 (1985). *McGovern* has been criticized on policy grounds. *See* Peter B. Broida, A Guide to Merit Systems Protection Board Law & Practice 1458–59 (9th ed. 1992).

(h) After one-hundred and twenty (120) calendar days from the date of filing an appeal with the Merit Systems Protection Board if the Merit Systems Protection Board has not yet made a decision.

By contrast, in the present case, Connor amended his pending district court action to include the substance of his mixed complaint on 16 February 1988, *prior* to filing his appeal to the Board on 19 August 1988. Therefore, there was *already* a pending district court action at the time that Connor filed his mixed case appeal with the MSPB. Under 29 C.F.R. § 1613.405(e)(2)(ii) (1988), Connor had the *option* of *either* filing an appeal with the Board *or* filing a civil action in the district court. Here, *he effectively elected* the district court action due to his amendment. Therefore, the option of a subsequent Board appeal was foreclosed by the regulation. Thus, in this case, unlike in *McGovern* where the MSPB filing preceded the district court filing, the Board never had jurisdiction over the mixed case appeal in the first instance.

### Conclusion

The Merit Systems Protection Board did not possess subject matter jurisdiction over Connor's mixed case appeal regarding his removal from the Agency where, prior to his appeal to the Board, he had amended a civil complaint in the United States District Court for the Northern District of Texas to include a cause of action challenging his removal based on the same discrimination allegations. Accordingly, we vacate the order and remand this case to the Merit Systems Protection Board with instructions to dismiss Connor's appeal for lack of jurisdiction.

### Costs

Each party to bear its own costs.