52 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael S. HILL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3671.
 United States Court of Appeals, Federal Circuit.
 April 5, 1995.
 
 Before NEWMAN, MAYER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Michael S. Hill seeks review of the September 9, 1994, decision of the Merit Systems Protection Board (MSPB), docket No. SL-0432-94-0311-I-1. Hill appealed to the MSPB from his termination as a supervisory investigator with the Equal Employment Opportunity Commission (EEOC). An administrative judge dismissed the appeal for lack of jurisdiction, and the MSPB denied Hill's petition for review. We affirm.
 
 DISCUSSION
 
 2
 In April 1992, Hill filed a civil action against the EEOC in the United States District Court for the Eastern District of Missouri. His complaint alleged that the EEOC had violated his rights under federal law in several respects during the course of his employment with the agency. The EEOC subsequently proposed to remove Hill from his position with the agency for unacceptable service, but he retired in October 1993, on the day his removal was scheduled to take effect.
 
 
 3
 In December 1993, Hill filed an administrative complaint with the EEOC contending that the termination of his employment was the result of unlawful discrimination by the agency. In February 1994, while his administrative complaint was pending with the EEOC, Hill amended his district court complaint to include a claim based on his termination. Two months later, before the EEOC had acted on his administrative complaint, Hill filed a "mixed case" appeal with the MSPB (i.e., an appeal in which employment discrimination is alleged as a basis for an adverse action over which the MSPB has jurisdiction). Hill contended in his MSPB appeal that his retirement was involuntary (and thus constituted a constructive removal) and that his termination was the product of unlawful conduct by the agency.
 
 
 4
 The administrative judge found it unnecessary to consider whether Hill's retirement was involuntary or the agency's conduct unlawful. Because Hill had challenged his termination in district court by amending his discrimination complaint to include allegations with regard to his removal, the administrative judge held that the MSPB lacked jurisdiction over Hill's appeal. The administrative judge relied principally on this court's decision in Connor v. United States Postal Service, 15 F.3d 1063 (Fed.Cir.1994).
 
 
 5
 In Connor, the court held that a petitioner who filed a discrimination action in district court and then sought to take a mixed case appeal to the MSPB could not proceed simultaneously in both the district court and the MSPB. The court based its ruling in part on 29 C.F.R. Sec. 1613.405(e)(2)(ii), which the court interpreted to allow an employee to pursue a mixed case appeal before the MSPB or a discrimination action in a district court, but not both.
 
 
 6
 The regulations relied on by the Connor court have been superseded and do not apply to this case. Effective October 1, 1992, 29 C.F.R. Sec. 1613 was replaced by 29 C.F.R. Sec. 1614, which now governs administrative complaints and appeals alleging employment discrimination filed by federal employees and applicants for federal employment. 57 Fed.Reg. 12,634 (1992).
 
 
 7
 Although the pertinent regulations have been changed, the reasoning of Connor nevertheless applies in the present case. Like the petitioner in Connor, Hill sought relief by filing a complaint within his agency. Hill therefore had the option of filing an appeal with the MSPB or seeking relief in district court if the agency failed to issue a judicially reviewable decision within 120 days of the filing of his mixed case complaint. But he was not entitled to pursue both remedies simultaneously. See 29 C.F.R. Sec. 1614.302(d)(1)(i).
 
 
 8
 Like the petitioner in Connor, Hill amended his pending district court action to include the substance of his mixed case complaint on February 22, 1994, which was before he filed his appeal to the MSPB on April 29, 1994. Hill had the option of either filing an appeal with the MSPB or filing a civil action in district court under 29 C.F.R. Sec. 1614.107(c). By electing the district court option, Hill gave up the right to pursue an appeal to the MSPB, and his subsequent effort to take an appeal to the MSPB was therefore ineffective.
 
 
 9
 Hill contends that his MSPB appeal should not be terminated, because there are non-discrimination grounds for challenging his termination that are not part of his district court action and can be pursued, if at all, only before the MSPB. The effect of Hill's election of the district court remedy, rather than the MSPB appeal, however, was to limit himself to those issues that were properly before the district court. If Hill wished to pursue his non-discrimination grounds for challenging his termination, he should not have elected a remedy--immediate recourse to the district court--that limited him to those grounds that were within the district court's original jurisdiction.