NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3140

JOYCE BRANCH WILLIAMS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Joyce Branch Williams, of Baltimore, Maryland, pro se.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3140

JOYCE BRANCH WILLIAMS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:  July 13, 2007

_____

Before MAYER and PROST, <u>Circuit Judges</u>, and LINARES, <u>District Judge</u>.[*]

PER CURIAM.

Joyce Branch-Williams appeals a decision of the Merit Systems Protection Board ("Board" or "MSBP") upholding her removal by the Department of Veterans Affairs ("DVA"). <u>Williams v. Dep't of Veterans Affairs</u>, No. PH0752060522-I-1 (M.S.P.B. Feb. 2, 2007).  As the Board lacked subject matter jurisdiction, we <u>vacate</u> and <u>remand</u> with

---

[*]    Honorable Jose L. Linares, District Judge, United States District Court for the District of New Jersey, sitting by designation.

instructions to dismiss.[1]

Branch-Williams filed a mixed case Equal Employment Opportunity ("EEO") complaint on October 26, 2005, electing to proceed under Equal Employment Opportunity Commission ("EEOC") regulations rather than MSPB regulations for the issues in that complaint. 29 C.F.R. § 1614.302. When she later filed an appeal with the EEOC's Office of Federal Operations, that agency dismissed most of her claims because, in the meantime, she had filed an action in the district court alleging the same claims. Branch-Williams v. Nicholson, No. 0120063958 (E.E.O.C. Jan. 25, 2007); Branch-Williams v. Nicholson, No. 1:06-CV-01327 (D. Md. Apr. 2, 2007) ("District Court"). Under 29 C.F.R. § 1614.409, filing the district court action terminated her EEOC appeal.

This appeal came to the MSPB from Branch-Williams's Office of Special Counsel ("OSC") complaint alleging retaliation by the DVA. As the government correctly points out, a claimant cannot pursue relief in the district court and then pursue the same relief at the MSPB. Connor v. U.S. Postal Serv., 15 F.3d 1063 (Fed. Cir. 1994). Branch-Williams presented claims for retaliation and discrimination to the district court, covering the subject of both her EEO complaint and OSC complaint. District Court, slip op. at 7–8. Therefore, she chose the district court as her single forum.

Indeed, the district court addressed the same issues now presented by this appeal. It considered the requirement under 38 U.S.C. § 7402(b)(9) that Branch-Williams obtain a license as an independent practitioner, and found that she did not

---

[1] The Board did not address its jurisdiction, instead ruling for the DVA on the merits.

have such a license under Maryland law.  <u>District Court</u>, slip op. at 14–15.  It also rejected her argument that the regulation did not place such a requirement on her.  <u>Id.</u>, slip op. at 15–16.  The court concluded that the DVA's action was not a mere pretext for her removal, therefore denying her claim for retaliatory removal.  <u>Id.</u>, slip op. at 16.  The court considered Branch-Williams's other claims and rejected them, granting summary judgment for the DVA.  <u>Id.</u>, slip op. at 20.

While Branch-Williams argues before this court that the regulations do not apply, that argument is subsumed within the district court action.  By choosing to pursue her case before the district court, Branch-Williams has had her day in court.  The Board should have dismissed her appeal as without subject matter jurisdiction.  <u>Connor</u>, 15 F.3d at 1066.  Accordingly, we vacate the Board's decision and remand with instructions to dismiss for lack of subject matter jurisdiction.

No costs.