NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3027

LARRY D. URBAN

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Hak K. Dickenson, H.K. Dickenson & Associates, PLLC, of Houston, Texas, argued for petitioner.

Michael A. Carney, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Sara B. Rearden, Acting Associate General Counsel.

Appealed from:     United States Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3027

LARRY D. URBAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

DECIDED:  July 17, 2007

Before LOURIE, SCHALL, and PROST, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

Larry D. Urban petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction.  Relying on <u>Connor v. United States Postal Service</u>, 15 F.3d 1063 (Fed. Cir. 1994), the Board held that Mr. Urban's prior filing of a district court alleging age discrimination precluded him from filing a discrimination appeal with the Board.  <u>Urban v. Dep't of Transp.</u>, No. DA-

0351-06-0066-I-1 (M.S.P.B. July 24, 2006).[1]  We affirm-in-part, vacate-in-part, and remand.

DISCUSSION

I.

Mr. Urban was employed as an Air Traffic Control Specialist ("ATCS") with the Automated Flight Services Station ("AFSS"), Flight Services Unit, Air Traffic Organization, of the Federal Aviation Administration ("FAA" or "agency"), at the Flight Service Station located in Fort Worth, Texas. On February 18, 2005, the Vice President of the Flight Services Unit, Air Traffic Organization, certified members of the AFSS as "surplus," thereby signaling that the identified employees were likely to face displacement through a future reduction in force ("RIF").

On March 31, 2005, in response to the certification, Kathleen Breen and other ATCS employees, including Mr. Urban, filed a civil class action in federal district court (hereinafter referred to as the "class action suit"), which they later supplemented with a June 24, 2005 amended complaint. As stated in the complaint the purpose of the suit was "to challenge unlawful age discrimination in employment by the FAA pursuant to the Age Discrimination in Employment Act ['ADEA']." The "common question" presented in the complaint was "whether [the agency] discriminated against the over-40 class members . . . by the FAA's decision to eliminate these persons' federal employment and related benefits," given that 92% of the affected Flight Service Controllers were over age forty. In that regard, the plaintiffs alleged that the agency's

---

[1] Mr. Urban did not petition the Board for review of the administrative judge's ("AJ's") initial decision, so the initial decision became the final decision of the Board on August 28, 2006.

decision to effect their separations would allow the agency to replace them with younger workers as contractors. According to the complaint, each of the class members also asserted individual claims of age discrimination on his or her own behalf.

On March 18, 2005, the agency issued two job announcements for positions in Alaska that would not be subject to the RIF. Mr. Urban applied for the positions but was not selected for either of them. On July 19, 2005, the agency issued a RIF notice to Mr. Urban informing him that he would be removed from his position effective October 3, 2005. Attachment A to the RIF notice advised affected employees of their appeal rights. The attachment advised bargaining unit members such as Mr. Urban, who wished to challenge the RIF for reasons involving allegations of discrimination, that they could elect to file a grievance, pursue a Board appeal, or lodge an Equal Employment Opportunity ("EEO") complaint.

Pursuant to the RIF, Mr. Urban was removed from his position effective October 3, 2005. On November 2, 2005, Mr. Urban filed an appeal with the Board, alleging in paragraph 3a of his appeal document that the FAA had discriminated against him on the basis of his age in connection with the open Alaska positions because other younger employees not immediately eligible for retirement were given more consideration for the positions than he was.[2] Paragraphs 3b, 3c, and 3d of his appeal document made additional claims with respect to the RIF.[3]

On November 21, 2005, the agency moved to dismiss the Board appeal for lack of jurisdiction, relying upon this court's decision in Connor, to argue that Mr. Urban's election to seek a remedy in the class action suit precluded him from pursuing the same

---

[2] We refer to this claim as Mr. Urban's "discrimination claim."
[3] We refer to these claims as Mr. Urban's "non-discrimination claims."

matter before the Board. Thereafter, on January 23, 2006, Mr. Urban's counsel sent a letter to counsel representing the class action suit plaintiffs seeking Mr. Urban's withdrawal from that suit. Counsel for the class action suit plaintiffs submitted a motion to the district court seeking Mr. Urban's withdrawal on January 25, 2006, and the court granted the motion on March 31, 2006. However, on July 24, 2006, the AJ dismissed Mr. Urban's Board appeal, ruling that Connor precluded him from filing a Board appeal concerning the same matter raised in the class action suit. Urban, slip op. at 9. The AJ also ruled that the Board generally lacks jurisdiction over appeals regarding nonselection for a vacant position and so lacked jurisdiction in this case to review Mr. Urban's claim of nonselection for one of the Alaska positions. Id.

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Kings v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996).

We see no error in the Board's ruling that, under Connor, Mr. Urban's election to pursue a civil action challenging the RIF as a violation of the ADEA precluded him from pursuing an appeal with the Board concerning the same matter.

In Connor, the United States Postal Service removed Charles Connor from his position. Following his removal, Connor filed a discrimination complaint with the Postal Service. Under then existing regulations, Connor had the option of filing an appeal with the Board or filing a civil action in district court, if the agency did not issue a judicially reviewable decision within 120 calendar days. While his discrimination complaint was pending before the Postal Service, Connor amended a complaint he previously had filed in federal district court to include a count based on his removal. Later, when Connor sought to appeal his removal to the Board, the Board dismissed the appeal for lack of jurisdiction on the ground that his right to appeal to the Board had been extinguished by his amendment of the district court complaint to include a challenge to his removal. Upon petition for review of the Board's dismissal, we held that Connor had effectively elected the district court action when he amended his complaint there, and that therefore a subsequent appeal to the Board was foreclosed by existing regulations.[4] Accordingly, we affirmed the Board's decision.

In this case, Mr. Urban had three options for bringing a challenge to his removal based upon a claim of discrimination. He could elect to file (1) a grievance in accordance with the memorandum of agreement between the National Association of Air Traffic Specialists and the FAA, (2) a mixed case administrative complaint with the agency, or (3) a mixed case appeal with the Board. As in Connor, the regulations foreclose litigating the same case through both the administrative process and United

---

[4] The regulations relied on by the court in Connor have been superseded and do not apply to this case. Effective October 1, 1992, 29 C.F.R. § 1613 was replaced by 29 C.F.R. § 1614, which now governs administrative complaints and appeals alleging employment discrimination filed by federal employees and applicants for federal employment. 57 Fed. Reg. 12,634 (1992). However, the underlying reasoning from Connor is still sound and may be applied to the present case.

States' courts. Part 1614 of title 29 of the Code of Federal Regulations, entitled "Federal Sector Equal Employment Opportunity," sets forth the policies and procedures for complaints of employment discrimination including, inter alia, age discrimination. The regulations explicitly note that a complainant may bring an age discrimination claim by filing an administrative complaint. Alternatively, a complainant may bypass the administrative process and file a civil action in district court.[5] In the case of a mixed case complaint, the regulations allow the complainant to file a complaint with the agency, or the complainant may bypass the agency and file an appeal with the Board.[6]

---

[5]    29 C.F.R. § 1614.201(a) states

> As an alternative to filing a complaint under [Part 1614. Federal Sector Equal Employment Opportunity], an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action.

(Emphases added).

[6]    29 C.F.R. § 1614.302(a) defines

> (1) Mixed case complaint. A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address.

> (2) Mixed case appeals. A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age.

29 C.F.R. § 1614.302 states, in relevant part

> An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the

Thus, the regulatory framework makes various options available to a claimant. However, a claimant must choose to pursue one path and "cannot simultaneously litigate the same case in the United States Courts and in the administrative process." Connor, 15 F.3d at 1065 (quoting Colon v. Chairman of Bd. of Dirs. of Fed. Deposit Ins. Corp., 723 F. Supp. 842, 844 (D.P.R. 1989)).

Mr. Urban was advised via attachment A to the RIF notice on July 19, 2005, of his right to elect one of the available forums to challenge the RIF action and that "[t]he first appeal that you file will be considered the forum in which you have elected to pursue your claim." Mr. Urban was a party to the district court class action at the time he received the RIF notice; yet it was not until January 23, 2006, that he attempted to withdraw from the class action suit—over two months after he filed his Board appeal and over six months after he received notice of his several appeal options. Under these circumstances, the Board did not err in determining that Mr. Urban elected to pursue his age discrimination challenge to the RIF action in district court. Therefore it did not have jurisdiction over his subsequent appeal to the Board concerning the same matter. Accordingly, the Board did not err in dismissing the discrimination claim.

However, the Board also dismissed Mr. Urban's appeal with respect to his non-discrimination claims. As noted, these are the claims set forth in paragraphs 3b, 3c,

MSPB pursuant to 5 CFR 1201.151, but not both. An agency shall inform every employee who is the subject of an action that is appealable to the MSPB and who has either orally or in writing raised the issue of discrimination during the processing of the action of the right to file either a mixed case complaint with the agency or to file a mixed case appeal with the MSPB. The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.

and 3d of his November 2, 2005 appeal document. These claims appear to be distinct from the discrimination claim, which is set forth in paragraph 3a of the November 2, 2005 appeal document and which was part of the class action suit. Our reasoning in Connor is not dispositive of the Board's jurisdiction over these other claims.

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. Maddox v. Merit Sys. Prot. Bd., 759 F.2d 9, 10 (Fed. Cir. 1985). The Board noted in this case that it generally lacks jurisdiction to consider an appeal regarding nonselection for a vacant position. Urban, slip op. at 9 (citing Nashkin v. Dep't of Justice, 98 M.S.P.R. 524, 528 (2005); Metzenbaum v. Gen. Servs. Admin., 83 M.S.P.R. 243, 246 (1999)). This proposition is correct in that there is no general right of appeal to the Board available to individuals who are not selected for a particular position within an agency. However, Mr. Urban argues that the Board has jurisdiction over claims involving "[e]mployment of another applicant when the person who wishes to appeal to the Board is entitled to priority employment consideration after a reduction-in-force action," quoting 5 C.F.R. § 1201.3(a)(13). The Board did not consider this potential basis for jurisdiction. Neither did it consider whether any of the other non-discrimination claims in paragraphs 3b, 3c, and 3d of the November 2, 2005 appeal document provided it with jurisdiction.

For the foregoing reasons, the final decision of the Board is affirmed insofar as the Board (i) held, based upon Connor, that it lacked jurisdiction over Mr. Urban's discrimination claim and (ii) dismissed that claim. However, we vacate the balance of the Board's dismissal of Mr. Urban's appeal and remand the case to the Board for further proceedings. On remand, after briefing from the parties, the Board should

determine whether it has jurisdiction over any of Mr. Urban's non-discrimination claims, those being the claims set forth in paragraphs 3b, 3c, and 3d of the November, 2, 2005 appeal document.