ON MOTION
PER CURIAM.

ORDER

The Department of Veterans Affairs (DVA) moves for summary affirmance of the decision of the Merit Systems Protection Board dismissing Joyce Branch-Williams’s appeal. Branch-Williams opposes. DVA replies, and moves to file its reply brief out of time. Branch-Williams opposes.
After the agency removed Branch-Williams from her position as clinical social worker, Branch-Williams filed a complaint in May of 2006 with the United States District Court for the District of Maryland, alleging discrimination. The district court entered judgment in favor of DVA in April of 2007. Meanwhile, Branch-Williams also filed an appeal with the Board in June of 2006, challenging her removal. The Board affirmed the removal action. Branch-Williams petitioned this court for review of the Board’s decision. In Branch Williams v. Department of Veterans Affairs, 244 Fed.Appx. 345 (Fed.Cir.2007), this court concluded that the Board did not have jurisdiction over Branch-William’s appeal because of the pending district court litigation. We vacated the Board’s decision and remanded with instructions that the Board dismiss the appeal. The Board subsequently entered the dismissal mandated by this court. In the present case, Branch-Williams petitions for review of that Board order.
Summary affirmance of a case is appropriate “when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In her brief, Branch-Williams concedes that the Board did not have jurisdiction over her appeal. This court has already ruled that the Board must dismiss the appeal, and Branch-Williams has not shown that determination does not constitute law of the case in this petition for review. Kori Coup. v. Wilco Marsh Buggies and Draglines, Inc., 761 F.2d 649, 657 (Fed.Cir.1985) (“[ijssues decided at an earlier stage of litigation ... constitute the law of the case”). Thus, the dismissal was properly entered by the Board. In her brief, Branch-Williams alleges that the Board erred in finding that the agency’s decision to remove her was valid. That issue is not raised in this case because we vacated the Board’s previous position and held that the Board did not have jurisdiction over her appeal.
Accordingly,
IT IS ORDERED THAT:
(1) DVA’s motion to file its reply brief out of time is granted.
*336 (2) DVA’s motion for summary affir-mance is granted.
(3) Each side shall bear its own costs.