NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOYCE BRANCH-WILLIAMS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Intervenor.*

---

2011-3112

---

Petition for review of the Merit Systems Protection Board in case no. PH0752100589-I-1.

---

Decided: November 14, 2011

---

JOYCE BRANCH-WILLIAMS, of Towson, Maryland, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

KENT C. KIFFNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and Claudia Burke, Assistant Director.

––––––––––––––

Before PROST, SCHALL, and MOORE, *Circuit Judges*.

PER CURIAM.

Joyce Branch-Williams appeals from the final order of the Merit Systems Protection Board (Board) dismissing her claim for wrongful termination for lack of jurisdiction. *Branch Williams v. Dep't of Veterans Affairs*, No. PH0752100589-I-1, slip op. at 3 (M.S.P.B. Feb. 18, 2011). For the reasons discussed below, we *affirm*.

The Department of Veterans Affairs (DVA) removed Ms. Branch-Williams from her position as a social worker in 2005 because she did not acquire and maintain the necessary licensure or certification. Following her removal, Ms. Branch-Williams initiated several legal challenges. She first filed a mixed case Equal Employment Opportunity (EEO) complaint, electing to proceed under Equal Employment Opportunity Commission (EEOC) regulations. *See Branch-Williams v. Dep't of Veterans Affairs*, 244 F. App'x 345, 346 (Fed. Cir. 2007). Before receiving a final EEOC decision, Ms. Branch-Williams filed a complaint asserting the same claims in the district court, which evaluated her claims on the merits and granted summary judgment to the DVA. *Id.* The EEOC dismissed her appeal due to her filing of the district court

action.  *Id.*  Ms. Branch-Williams next filed an appeal with the Board, which held for the DVA on the merits.  *Id.* On appeal of that decision, we held that the Board lacked jurisdiction due to the suit Ms. Branch-Williams filed in the district court, and on remand the Board dismissed her appeal in accordance with our instructions.  Ms. Branch-Williams filed a second district court complaint, which the court dismissed as barred by res judicata and collateral estoppel.

Ms. Branch-Williams filed the present action with the Board in 2010, again challenging her 2005 removal.  The administrative judge dismissed her appeal for lack of jurisdiction, finding it barred by collateral estoppel based on our decision in the prior proceeding finding no jurisdiction.  The Board denied her petition for review, holding that Ms. Branch-Williams submitted no new, previously unavailable evidence relevant to the jurisdictional issue and that the administrative judge made no legal error. Ms. Branch-Williams now appeals the Board's decision to our court.

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo.  Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).

Rather than address whether the Board had jurisdiction over her appeal, Ms. Branch-Williams argues the merits of her 2005 removal by the DVA.  She argues, for example, that she possessed a valid license to practice

social work, that the DVA improperly modified its licensure requirements, and that the DVA did not require other social workers to comply with the requirements. These arguments regarding the merits of her appeal fail to establish the Board's jurisdiction.

To the extent that Ms. Branch-Williams addresses the Board's jurisdiction over her appeal, however, she fails to show that collateral estoppel should not bar her claims. For example, Ms. Branch-Williams argues that collateral estoppel does not apply because neither the Board nor the district court adjudicated her claims on the merits. We found in the prior proceeding, however, that the district court considered her arguments but found them to be without merit.

Collateral estoppel applies when (1) the issue presented is identical to the issue previously adjudicated, (2) that issue was "actually litigated" in the prior case, (3) the previous determination of that issue was necessary to the end decision, and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988). It is undisputed that the present appeal challenges the same 2005 removal decision at issue in the first Board appeal, in which Ms. Branch-Williams was fully represented. In that proceeding, we held that the first suit Ms. Branch-Williams filed in district court divested the Board of jurisdiction over her appeal, a determination that was necessary to our decision to vacate and remand with instructions to dismiss. *Branch-Williams*, 244 F. App'x at 346. As a result, collateral estoppel applies.

We conclude that the Board correctly held that collateral estoppel bars its consideration of Ms. Branch-Williams's appeal. We therefore affirm its dismissal of the appeal for lack of jurisdiction.

**AFFIRMED**

Costs

No costs.